Per Curiam.

The writ on which the former judgment was founded was tested in 1813 ; of course, the judgment could not conclude the defendant for any time prior to that date. So neither could it conclude him for any time subsequent to the recovery ; as the plaintiff * might have aliened the premises, or part of them, after that time.
But it is not necessary to consider whether this judgment might have estopped the defendant at all, or for what part of the time laid in the present declaration; because it is very clear that it cannot so operate, as these pleadings stand. The plaintiff should have replied it specially, and relied on the estoppel.
When, in the course of the pleadings, the party who relies on matter of estoppel has no opportunity to plead it, he may show it in evidence; and it will in general have the same effect as if pleaded. But when the matter to which the estoppel applies is distinctly»averred or denied by one party, and the other, instead of pleading the estoppel, as he may in that case, takes issue on the fact, he waives the estoppel, and the jury are at liberty to find the truth.
This principle is recognized in Hobart, 207, and in the case of Trevison vs. Lawrence & Al., reported in 1 Salk. 276, and in several other books, (4) and has been uniformly considered as the settled law on this subject. (5) , (a)

Judgment according to the verdict.

 2 Lord Raym. 1051. —6 Mod. 256. — Holt's Rep. 228.

 1 Chitty on Pleading, 575, 617 —1 Saund. 325, note 4.

[a) [Vooght vs. Winch, 2 B. & A. 662. — Doe vs. Huddart, 2 Cr. M. & R. 322. — Hooper vs. Hooper, M'Clel. & Y. 509. — Jones vs. Reynolds, 7 Cor. & P. 335. — Doe *211 vs. Harvey, 8 Bing 242. — Adams vs. Barnes, 17 Mass. Rep. 365.—Phil, Am. Ev. 510—512.— Grecnl. Ev. 567, 568, 569, and cases there cited. — Eastman vs. Cooper, Pick. — “ It appears inconsistent,” says Mr. Phillips, “ that the principle of the authority of a res judicata should govern the decision of a court when the matter 'is referred to them by pleading the estoppel, but that a jury should be at liberty to disregard this principle altogether, and that the operation of such an important principle as that of the res judicata should depend on the technical forms of pleading in particular actions.” — Ph. A., ubi sup. — See cases cited in note to 5tli Am. ed Chitty on Contracts, 788. — Ed.]