Bigelow, J.
We think it very clear that the ruling of the court below in this case was erroneous.
The law is well settled, that a judgment in a former action is conclusive only when the same cause of action has been once adjudicated between the same parties, or the same point has been put in issue upon the record, and directly found by the verdict of the jury. Eastman v. Cooper, 15 Pick. 276, 279. To have this effect, the rule formerly was, that it must be pleaded in bar, or by way of estoppel, unless the party, relying upon it as a defence, had had no opportunity of so pleading it, in which case it was allowed to have the same effect, when offered in evidence. Outram v. Morewood, 3 East, 346; Vooght v. Winch, 2 Barn. & Ald. 662; 2 Smith’s Lead. Cases, (Am. ed.) notes, 496; Howard v. Mitchell, 14 Mass. 241; Eastman v. Cooper, 15 Pick. 276.
If a matter to which an estoppel was applicable, was distinctly put in issue by one party, and the other party, instead of pleading the estoppel, took issue upon the fact, he was held to have waived the estoppel, and the jury were permitted to find the truth, although it might be contrary to the record. Under the system in force in this commonwealth, of trying all questions under the general issue, a party cannot, of course, be held to the same strictness. But it would certainly seem to be reasonable, and in accordance with the principle upon which the rule of pleading was originally founded, that any matter relied upon as an estoppel should be' set out in the specification of defence ; otherwise, it ought to have no other effect than as evidence, competent under the general issue, to be passed upon by the jury. In the case a bar, no such specification of defence was filed. But, without determining this question, it is sufficient for the decision of this case, that the fact relied on by the defendant as conclusive, was not essential to the finding of the former verdict, but was only incidental and collateral thereto. The former action *350 was trespass guare clausum, the gist of which was the breaking and entering the house of the present defendant. The taking of personal property was alleged only by way of aggravation of the principal injury, and the title to it could only come in question incidentally, as affecting the amount of damages, and not as essential to the maintenance of the action. All that was essential to the finding of the verdict in the former action was proof of the breaking and entering. This was all that was directly in issue between the parties, and all that was conclusively settled by the verdict and judgment. Although, therefore, the title to the piano, as an element to enhance the damages, was actually drawn in question and passed upon by the jury in the former action, yet it was a question collateral to the one really in issue between the parties. The rule is well settled, that nothing can be pleaded by way of estoppel, or relied on as conclusive evidence against a party, except it was directly in issue and found by the former verdict. This rule cannot be extended to collateral facts, or facts to be deduced by inference from the former finding of the jury. It follows that, the cause of action in the former suit having been different from that now at issue between the parties, and as the title to the piano, although incidentally passed on by the jury, was not the gist of that action, but only incidentally involved therein, the former judgment cannot be held to be conclusive upon the plaintiff in this action. See Dutton v. Woodman, ante, 255; Harding v. Hale, 2 Gray, 399.

Exceptions sustained.