D. S. GRAY et al., Appellants, *v.* JOHN GILLILAN et al., Appellees.

### APPEAL FROM McHENRY.

A warranty of a grass cutting machine, signed " Horace Wilder, agent," was offered and received in evidence in an action upon the warranty, without proof of his agency. *Held*, that this was erroneous.

Where the cause of action or ground of defence in a suit, appears upon the face of the record, no proof is admissible to explain or contradict it; but where they do not so appear, witnesses may be admitted to identify the parties, the cause of action, or defence, or other matter litigated.

A former recovery will only operate as a bar, by way of estoppel, when specially pleaded.

A former recovery in a court having general or special jurisdiction, will con-

clude the same parties from another trial of the same causes of action or grounds of defence. In titles to realty there is an exception.

A former recovery will be conclusive when offered in evidence under the general issue.

This was an appeal from McHenry county. The cause was heard before J. G. Wilson, Judge, at November term, 1853, of McHenry Circuit Court.

W. B. Plato, and Glover & Cook, for appellants.

C. McClure, for appellees.

Scates, J. To an action of assumpsit on a warranty of a reaping machine, plaintiffs pleaded the general issue, and a special plea of a former recovery, under a notice by defendants, in an action for the price of the reaper, by plaintiffs. Defendants replied that they offered no proofs under that notice, and that this cause of action was not investigated and determined in that action. The court held this replication good on demurrer, and plaintiffs abided the demurrer on that plea and replication. The parties went to trial on the general issue. On the trial defendants were permitted to read in evidence, without proof of his agency, the following instrument of writing, by H. Wilder : —

" Mr. John Gillilan, Horace Hubbard, bought of D. S. Gray & Son, June 22, 1850, one of Hussey's reaping and grass cutting machines, $125.

Said machine is warranted to be well made, of good materials, and to work well if well managed.

Horace Wilder, Agent."

This is erroneous. No rule of law or evidence will allow an assumption, as proof of an agency. Reducing it to writing makes no difference in this respect. The instrument does not purport to be the act of plaintiffs. Had the instrument been signed by plaintiffs, " by Horace Wilder, agent," it would be treated as their act, *primâ facie*, and when it is sued on by a special count, could only be put in issue by affidavit denying its execution. So it was ruled in Delahay *v.* Clement, 2 Scam. R. 575; R. S. 45, p. 415, § 14. This instrument is not counted upon specially, and upon its face is the act of Wilder, and does not purport to be the act of the plaintiffs. A sworn plea is, therefore, unnecessary to put its execution in issue. Defendants, relying upon it, must prove its execution by plaintiffs, by show-

ing Wilder's agency, before they can read it in evidence as the act of plaintiffs.

The manner of calling out the writing on the trial, will not dispense with this proof.

For this cause this judgment must be reversed. But there were other questions raised, which we deem it necessary to settle, as they may again arise upon a new trial.

In the further progress of the trial, plaintiffs read in evidence under the general issue, the record of the former trial and judgment mentioned in the plea.

To rebut this testimony, defendants examined as witnesses the counsel of the parties on the former trial, and by them proved that no evidence was offered under the notice given in that case.

The plaintiffs objected to this proof, and asked the court to instruct, that if the defendants pleaded the same subject-matter in the former suit, and that plaintiffs recovered therein, that the law was with the plaintiffs, which the court refused. And to each they excepted.

One ground of the exception to the testimony is, that parol evidence is inadmissible to explain or contradict a record. The latter is true; but the whole current of authorities establishes the rule to be, that where the cause of action, or ground of defence, or other matter appear upon the face of the record, no proof is admissible; but where they do not, witnesses may be called to identify the parties, the cause of action, or defence, or other matter litigated. Baker et al. *v.* Rand, 13 Barb. S. C. R. 158; Zimmerman *v.* Zimmerman, 15 Ill. R. 84; Philips *v.* Berick, 16 Johns. R. 136; King *v.* Chase, 15 N. H. R. 13.

The most important question presented here, is one of exceedingly nice distinction in the authorities, and upon which it is difficult to reconcile them in agreement with, or conformity to, the general principle, in its application to the face of the record.

We may state, from the authorities, that, as a general rule, the former recovery will only operate as a bar by way of estoppel, when specially pleaded. 1 Chit. Pl. 198, 604; Vooght *v.* Winch, 2 Barn. & Ald. R. 662, (4 Eng. C. L. R. 690); Harper *v.* Hooper, McClel. & Young Exch. R. 509; Outram *v.* Mozewood, 3 East, R. 346; Howard *v.* Mitchell, 14 Mass. R. 241; Wood *v.* Jackson, 8 Wend. R. 1; Church *v.* Leavenworth, 4 Day R. 274; Piquet *v.* McKay, 2 Blackf. R. 468.

The rule is quite as general and uniform, that a former recovery in a court having jurisdiction, whether general or special, will conclude and bar the same parties, and their privies,

from another action and trial of the same causes of action and defences. 2 Smith, Lead. Cas. 237 and note, 478 and note; 19 Law Lib. 323 and note, 324, p. 424 and note, 492; 10 Pet. R. 468; 1 Johns. Cas. 492; 13 Barb. S. C. R. 158; 1 McLean, R. 450; 2 Blackf. R. 468; 2 Carter, R. 270; 15 N. H. R. 13; 6 Serg. & Raw. R. 58; 11 Mass. R. 445; 17 Ib. 394; 3 East, R. 346; 2 W. Black. R. 828; S. C. 3 Wils. R. 304; Zimmerman *v*. Zimmerman, 15 Ill. R. 84.

One exception is found in the nature of the subject-matter, and that is the title to realty. Sec. 2 Smith, Lead. Cas. 442, (19 L. L. 463, note.) And another has been attempted in relation to foreign sentences of divorce of English marriages. Ib. 455, (19 L. L. 506, note); Conway, alias Beazley. *v*. Beazley, 3 Hagg. Eccl. R. 639, (5 Eng. Eccl. R. 242,) on a ground of domicil.

But the two questions upon which the decisions differ are, what are the same causes of action, &c.? and what effect shall be given to the record when offered in evidence under the general issue?

In relation to the first, the case of Markham *v*. Middleton is referred to as a leading case in principle. The suit was on an account, default was entered, and the plaintiff offered no proof upon the writ of inquiry, when the jury returned a verdict for one penny. On a motion to set aside the verdict, the court say, it would be hard the plaintiff should be paid so large a sum as his demand by one penny damages, and set it aside. 2 Strange, R. 1259. The correctness of the conclusion intimated by the court, that if the verdict stood, it would bar another action, notwithstanding no evidence was offered, has been generally recognized even in those cases in which distinctions are taken. This case has been repeatedly referred to and approved, both by the English and American courts.

Outram *v*. Morewood & ux., 3 East, R. 346, affirmed the same sale, and applied it to trespasses to lands and coal-mines, a title to which had been set up in the former suit against the wife while single.

In Hitchin *v*. Campbell, 2 W. Black. R. 828; S. C. 3 Wils. R. 304, the title to the property had been litigated in an action of trover between the same parties, and adjudged to defendant. This action was brought by the losing party, for the money produced by the sale of the property. It was held to be the same cause of action, and would not lie.

In The King on prosecution of Smith *v*. Taylor, 10 Eng. C. L. R. 231, (3 Barn. & Cress. R. 502,) the court carried the doctrine to a great length in determining the identity to be what was

said on the face of the record, and which could not be contra-
dicted. The indictment charged the keeping of a gaming-house
in the second year of the present king. The plea charged the
offence to be the same upon which he had been tried in the
fourth year of the present king, upon an indictment which laid
the same offence in the fifty-seventh year of the late king. But
upon a demurrer it was held bad, because he was concluded by
the record from denying the time laid.

So in Earle *v.* Hinton, 2 Strange, R. 732, to *scire facias* on a
judgment against defendant as executrix, she could not plead a
judgment against her testator, and no assets beyond what would
satisfy it. It should have been pleaded to the first action. So
an action was barred on an acceptance of a bill of exchange at
Leghorn, by a discharge therefrom by the laws of that country.
Burrows *v.* Jernino, 2 Strange, R. 733.

Indeed, in Le Guen *v.* Gouverneur, 1 Johns. Cas. 492, the
broad rule is laid down, that the judgment not only bars every
thing litigated in it, but every thing that might have been liti-
gated. Broad as it is, it has been referred to and approved in
Vail *v.* Vail, 7 Barb. S. C. R. 242; by Jewett, J., in Embury *v.*
Connor, 3 Const. R. 512; and Baker *v.* Rand, 13 Barb. S. C.
R. 161. In this last case it is further said, that if the record do
not show that the verdict or judgment was directly upon the
point, this may be supplied by proof *aliunde*, if the pleadings
would have justified the admission of the evidence, and the
verdict and evidence would have necessarily involved their con-
sideration. A valid judgment cannot be contradicted; and this
extends to judgments of sister States. And so "a party will
not be permitted to sue again, because he reserved, or for some
cause did not produce a part of his evidence on the first trial."
The broad doctrine in Le Guen *v.* Gouverneur, was laid down
in reference to the grounds of equity jurisdiction, as respects
relief from judgments at law, and in that application of it, it is
doubtless correct. Equity will not take jurisdiction of a matter
which might have been set up as a defence at law, and relieve
a party from his own negligence. But when it is applied as a
rule of barring causes of action, or grounds of defence, which
were susceptible of being joined together, in an action at law,
because they were not, it is too broad and is not sustained by
authority.

In Felter *v.* Mulliner, 2 Johns. R. 181, a verdict of " no cause
of action" before a justice of the peace, without a judgment
thereon, was held to bar another action for the same matter.
So an action of trespass for cutting timber and burning coals,

bars a subsequent action of trover for the coals by trespasser. Curtis *v.* Groat, 6 Johns. R. 168.

The case of Jones *v.* Scrivan, 8 Johns. R. 452, is precisely like this in every respect, except that on the first suit on the note, the defendants introduced proof of the failure of consideration by breach of the warranty; and the court held that this action on the warranty was barred. The court say, in Walker *v.* Houlton, 5 Blackf. R. 348, that plaintiff may, in his replication, deny the identity of cause of action, or that it was not inquired into, though the record is held *primâ facie* evidence of the identity. To form a bar the causes must be the same. Kirkpatrick *v.* Stingley, 2 Carter, R. 270.

In this class of cases the courts, while they hold the record *primâ facie* evidence of identity of cause, have allowed parol proof to show them different. While a party is not bound to join all causes of action, even of the same nature, yet he shall not be permitted to split up one cause of action or transaction into several items, and sue on each. These questions arose in Philips *v.* Berick, 16 Johns. R. 136, where a recovery had been had on general counts for work and labor, and this action was also for work and labor, showing an apparent *primâ facie* identity. The court held that they might show that it was for a distinct transaction, but that they could not recover for a part of a claim disallowed in the former trial.

In Bonchbaud *v.* Dias, 3 Denio, R. 238, this doctrine was extended even to the determination of the same question or facts upon which the recovery must depend. As where two notes or bonds are given in one transaction, a suit, determined on the ground of fraud or want of consideration in the transaction, brought upon one note or bond, will bar another suit upon the other. The case of Green *v.* Clark, 5 Denio, R. 505, goes even further in disallowing parol evidence to show that verdict was not rendered upon the merits. J. Whittlesey dissenting on this point.

A certificate of settlement of a pauper will conclude the parish by whose officers given, as between that parish and the parish to which he is sent under it. King *v.* Subbenham, 4 Term R. 146.

But cases more in point are Hess, Ex'r, *v.* Heeble, 6 Serg. & Raw. R. 58; Loring *v.* Mansfield, 17 Mass. R. 394; Ramsey & Vattier *v.* Herndon, 1 McLean, R. 450. The question and state of pleadings in this case arose in the case in McLean's report above, and, hard as the case appeared, it was broadly held to be a bar, and a demurrer to the replication was sustained. The

court distinguish it from the case of Snyder and Van Vechten *v.* Croy, 2 Johns. R. 227, where the plaintiff had been put to his election of one of two distinct trespasses laid in one count, in which he recovered for the one, and was allowed afterwards to maintain an action for the other against the plea of former recovery.

In 17 Mass. R. 394, the case is strongly in point. In an action on a promissory note, the defendant neglected to prove a certain payment, and afterwards brought an action to recover back the payment so neglected to be credited or proved on the former trial; and it was held that the former suit was a bar.

In Hess, Ex'r, *v.* Heeble, C. J. Gibson reviews several cases, and concludes by adopting the strong ground of conclusiveness of the first recovery of all apparent upon its face. The pleadings in that case aver the fact that the subject-matter of the action was not inquired into in the former suit, although it was embraced in the cause of action. He holds that, as to formal parts of records, averments may be received against them, but not to material parts. There, as in the case before us, the record showed that the cause of action was included in the pleadings and issues of the former suit.

Such is in part the array of authorities, as to what shall be considered the same causes, so as to estop, bar, or conclude the party in relation to identity of causes of action, and grounds of defence. This case of Hess, Ex'r, *v.* Heeble, was approved in Ingraham *v.* Hall, 11 Serg. & Raw. R. 82.

The following cases present distinctions, and decisions to the contrary; some of which are wholly irreconcilable to the former.

The leading case is Seddon et al. *v.* Tutop, 6 Term R. 607, where the second action had been brought for an open account, and it appeared on plea of former recovery that that account was included in a separate count of the declaration, with another count on a note. A default had been taken, and on inquiry of damages, plaintiff, not being prepared with the proofs of the account, offered no evidence on it, but took his damages on the note. And this was held no bar.

Lord Kenyon frankly admits that " this is a question of great delicacy; we must take care not to tempt persons to try experiments in one action, and when they fail, to suffer them to bring actions for the same demand." Justice Lawrence refers to Ravee *v.* Farmer, 4 Term R. 146, and the case, in note, of Golightly *v.* Jellicoe, where a reference of all matters in difference had been made to arbitrators, and a subsequent action allowed on matters in difference not investigated before the

arbitrators, but which existed at the time.    In Smith *v.* Whiting, 11 Mass. R. 445, the court held the same doctrine in relation to existing demands, referred, but not investigated by referees.

The weight of authority as well as the policy of the law, are certainly against allowing a parol investigation into the truth of the matters appearing upon the face of the record.    This court have declared such proofs inadmissible in Zimmerman *v.* Zimmerman, where the justice of the peace, who entered the judgment, was called to show that he intended to enter a non-suit, or that he did not pass upon the merits.    The case is distinguishable from a record which does not show upon its face the particular matter in controversy.    But there even, when, by parol proofs, the subject-matter is clearly shown to have been a subject of proof and investigation, it would as clearly conclude the parties.

There could be no dependence or stability in titles to realty or personalty, if a question, fact, or issue, plainly presented by, included in, and apparently determined upon the record, should be open to proofs and investigation of its truth in another action. Voorhees *v.* The Bank of United States, 10 Pet. R. 474.

Upon the second question, we think the weight of authority as well as reason and justice, we may say the reason and policy of the former rule itself, are in favor of giving conclusiveness to the judgment,. when offered in evidence under the general issue.

In Vooght *v.* Winch, 4 Eng. C. L. R. 692, (2 Barn. & Ald. R. 667,) the court say it is not conclusive, and the jury may find against it.    The reason given does not appear satisfactory. Lord Chief-Justice Abbott says : " It appears to me, however, that the party, by not pleading the former judgment in bar, consents that the whole matter shall go to a jury, and leaves it open to them to inquire into the same upon evidence, and they are to give their verdict upon the whole evidence then submitted to them.    I am aware that in Bird *v.* Randall, Lord Mansfield is reported to have said, that a former recovery need not be pleaded, but will be a bar when given in evidence.    I cannot, however, accede to that."    The whole seems to centre in this, that unless pleaded, it is not a technical estoppel, and if not an estoppel, it is no more than any other evidence, and may be contradicted or disregarded.    See also, for same doctrine, 1 Chit. Pl. 198, 604 ; Autram *v.* Morewood, 3 East, R. 346.    Where the party has neglected to put it in issue, and has taken issue upon another point, or upon facts concluded by it, it is not conclusive.    Wood *v.* Jackson, 8 Wend. R. 1 ; Church *v.* Leavenworth, 4 Day, R. 274.    This would overturn all estoppels by

matters *in pais.* Such would not be the language or instruction of the court, in relation to the effect in evidence of the party's deed; nor should it of a judgment of a court, solemnly rendered upon evidence.

Parke, J., thinks it conclusive in Stafford *v.* Clark, 2 Bingh. R. 379, (9 Eng. C. L. R. 624) ; the other judges were silent on the point.

In Hooper *v.* Hooper, McClel. & Young, R. 509, it was held not to be conclusive ; and so also in Piquet *v.* McKay, 2 Blackf. R. 468. On the contrary, in King *v.* Chase, 15 N. H. R. 13, it is held conclusive ; and so also in Wright *v.* Butler, 6 Wend. R. 289 ; and Howard *v.* Mitchell, 14 Mass. R. 241, if it be not specially waived by taking issue on a fact in the former finding and record.

It is doubtless the safer rule, and the one alone upon which an end may be made of litigation, and unsuspecting innocence and right may repose regardless of, and undisturbed by, technical rules of pleading.

Judgment reversed, and cause remanded.

*Judgment reversed.*