CHARLES D. GADDIS

· *v.*

WILLIAM J. LEESON.

1. SET OFF—*former recovery, and appeal therefrom pending.* A defendant in an action of assumpsit may plead as a set off a claim upon which he has already obtained a judgment against the plaintiff, from which the latter has taken an appeal which is still pending.

2. SAME—*effect of such a plea as a satisfaction of the judgment—injunction.* The filing of such a plea, and offering evidence under it, will operate as a satisfaction of the judgment previously obtained by the defendant, and will enable the plaintiff to enjoin its collection, in the event of its affirmance in the appellate court.

3. FORMER RECOVERY—*presumption as to what was embraced therein.* If a judgment be recovered in a former action for want of a plea, etc. it will be considered that the plaintiff therein brought such action, and recovered, for all the causes of action that might have been recovered in that form of action, and which he knew of at the time of bringing it.

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

The opinion states the case.

Messrs. DIVINE & PRATT, for the appellant.

Mr. B. F. PARKS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by Leeson against Gaddis, in the DeKalb circuit court, in which the former, under the common counts, sought to recover upon an account extending from September 17, 1864, to February 12, 1869, amounting, in the aggregate, to about $2300.

The defendant in the court below, under a notice of set off, set up as a counter claim, an account against the plaintiff, extending from April 28, 1862, to March 1, 1869, amounting, in the aggregate, to over $3000.

After proof had been made in regard to defendant's set off, the plaintiff introduced in evidence the record of a suit brought by Gaddis against Leeson, in the county court of DeKalb county, the suit having been commenced September 20, 1869, the default of the defendant for want of a plea having been entered, and final judgment for plaintiff rendered October 6, 1869, for $401.66, from which judgment an appeal was taken to the supreme court. Defendant moved the court to instruct the jury as follows:

"If the jury believe from the testimony, that the cause in which the judgment of the county court offered in evidence by the plaintiff, was rendered, has been, by the defendant in said judgment, appealed to the supreme court, and that said appeal is now pending in said supreme court, then the jury should disregard said judgment in adjusting or balancing the accounts of the parties, of which evidence has been given in this case, and should not predicate a verdict for or against either party, in whole or in part, upon the existence of said judgment.

"Unless it appears from the testimony, that the judgment rendered in the county court, given in evidence in this case, was rendered upon the same identical matters of account, or some of them, that are now being litigated, the jury should disregard said judgment in making up their verdict in this case. The jury have no right to presume, without proof, that

said judgment was upon the same matters of account, or any of them."

Which instructions the court refused to give to the jury, to which defendant then and there excepted. The court instructed the jury for plaintiff, as follows:

"The jury are instructed that if they believe from the evidence, a suit was commenced and prosecuted to judgment, in the county court of this county, at the October term, 1869, of said court, by the defendant, Gaddis, against the plaintiff, Leeson, in which suit the subject matter embraced in the cause of action was accounts against Leeson, and that no accounts against him, accruing since the commencement of said suit in the county court, have been proved by him (Gaddis) in this suit, then they should disregard the proofs of all accounts made by said defendant, Gaddis, and find a verdict for the plaintiff for the amount established by him by the evidence in this case."

The jury found the issue for the plaintiff, and assessed his damages at $700, for which judgment was rendered.

The only ground urged before us for a reversal of the judgment, is the action of the court upon the above instructions.

The purport of the instruction given for the plaintiff, was, that the judgment in the county court was a bar of the defendant's claim of set off.

This, we think, was erroneous, under the decision of this court, in *King et al.* v. *Bradley et al.* 44 Ill. 343.

It was there held, upon the principle that the pendency of an action for the claim set off does not defeat the right of set off, that the defendants might plead as a set off a claim upon which they had obtained a judgment against the plaintiffs, from which an appeal had been taken by the plaintiffs, and was pending; that it could work the plaintiffs no injustice, as such a plea and the offering of evidence under it would be a

satisfaction of the judgment already obtained by the defendants, and have enabled the plaintiffs to enjoin its collection, in the event of its affirmance in the appellate court, and that the effect of allowing the plea would be to give the plaintiffs another trial in respect to the defendants' claim, the very object the plaintiffs were seeking by their appeal.

The court rightly refused to charge the jury that they had no right to presume, without proof, that the judgment in the county court was upon the same matters of account, or any of them, involved in the present case.

There was no evidence of the particular subject matter of the recovery in that judgment, besides the declaration in the case. That contained the common counts, which were appropriate for the recovery of each item of set off in this case, and it must be presumed to have been recovered for in that judgment.

If a judgment be recovered in a former action for want of a plea, etc. it will be considered that plaintiff brought such action and recovered for all the causes of action that might have been recovered in that form of action, and which he knew of at the time of bringing it. *Bagot* v. *Williams*, 3 Barn. & Cres. 235; *Gray* v. *Gillilan*, 15 Ill. 453.

For error in giving the plaintiff's instruction, the judgment must be reversed and the cause remanded. And inasmuch as the above mentioned judgment of *Gaddis* v. *Leeson*, in the DeKalb county court, from which the appeal had been taken, has been affirmed in this court, the parties will have leave to amend their pleadings in the court below.

*Judgment reversed.*