## LEWIS H. BISBEE

v.

## F. A. WOODBURY, Impl'd, etc.

1. EVIDENCE—PAROL, TO EXPLAIN RECORD.—Appellant brought suit declaring especially upon four notes, two for $25 each, and due respectively in seven and nine months. Upon the trial, he entered a *nol. pros.* as to one of said notes, but the record failed to show as to which one, and judgment was rendered in his favor for the balance. He afterwards brought suit upon the $25 note as to which he had intended to enter a *nol. pros.*, and offered to show by parol evidence which particular note was intended to be excluded from the former suit: *Held*, that the offered evidence was inadmissible. There was an ambiguity patent upon the face of the record, and it was not open to explanation.

2. The rule in this State is that where a cause of action has been specifically declared upon, and issue is taken thereon, and such issue has been submitted to and passed upon by a court of competent jurisdiction, the record of the judgment is conclusive, and the parties thereto are esto₊ped to say that the cause of action has not been adjudicated.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed February 8, 1881.

Messrs. BISBEE & AHRENS, for appellant; that where it is doubtful whether the same subject-matter was actually passed upon in a former suit, parol evidence may be received to show the truth, cited Seddon v. Tutop, 1 Esp. 401; 1 Greenleaf's Ev. § 532; Barger v. Hobbs, 67 Ill. 592; Shepard v. Butterfield, 41 Ill. 76; Meyers v. Hill, 46 Pa. St. 12.

The record may be explained, though it cannot be contradicted: Bridge v. Gray, 14 Pick. 25; Webster v. Lee, 5 Mass. 334; Ravee v. Farnar, 4 T. R. 146; Phillips v. Berwick, 16 Johns. 136.

A record when silent or ambiguous, may be explained by parol: Shoemaker v. Ballard, 15 Pa. St. 92; Stark v. Fuller, 42 Pa. St. 320; Hughes v. Frisbie, 81 Ill. 188; Phillips v. Jamison, 14 B. Mon. 466.

A *nolle prosequi* is no bar to another suit: 2 Bouv. Law Dic. 228; Cooper v. Tiffers, 3 Durn. & E. 511.

Bisbee v. Woodbury.

Mr. W. B. DOUGLAS, for appellee; that the note being at issue in the former suit, though not offered in evidence, no suit can again be brought on it, cited Gray v. Gillilan, 15 Ill. 453; Rogers v. Higgins, 57 Ill. 244; Vanlandigham v. Ryan, 17 Ill. 25.

A patent ambiguity cannot be explained by parol: 4 Mass. 205; 7 Cranch, 167; Jarman on Wills, 315; Zimmerman v. Zimmerman, 15 Ill. 84; Herrington v. McCullom, 73 Ill. 476; Wiley v. Southerland, 51 Ill. 25.

WILSON, J. This was a suit brought by appellant against appellee and one Mosness before a justice of the peace and taken by appeal to the Superior Court of Cook county, where a trial was had by the court without a jury, resulting in a judgment for the defendant from which the plaintiff appealed to this conrt.

The record discloses the following state of facts: On the 22nd day of January 1878, appellant Bisbee, commenced a suit in *assumpsit* in the Superior Court against Ole Mosness and appellee Woodbury, upon four promissory notes, two for $25 each, of which one was payable seven months after date, and the other nine months after date; the other two notes were for $37.50 each. The declaration counted specially upon the four notes, and also contained the common counts.

To this declaration the defendants pleaded non-assumpsit and payment, upon which issues were joined, and upon a trial the plaintiff recovered a judgment for $110.77.

Subsequently, and on the 31st day of May, 1878, appellant commenced the present suit before a justice of the peace, on the twenty-five dollar note, due seven months after date, being one of the notes mentioned and described in his declaration in the former suit, and recovered judgment against Woodbury, Mosness not having been served with process. An appeal having been taken to the Superior Court, Woodbury set up, among other defenses, the former judgment as a bar to the plaintiff's recovery, and offered in evidence the declaration, pleas and order of judgment thereon. The order for judgment, after reciting the appearance of the parties, states " that

thereupon the plaintiff enters his *nolle prosequi* as to the twenty-five dollar note, mentioned and described in his declaration filed in said cause, and this cause being called for trial, upon the argument of the parties now here made in open court, this cause is submitted to the court for trial without the intervention of a jury.    *     * And the court being fully advised in the premises, finds the issues for the plaintiff, and assesses his damages against the defendant to the sum of one hundred and ten dollars and seventy-seven cents.

Appellant in rebuttal, offered to prove by his oral testimony, that the note sued on in the present suit was the same note as to which a *nolle prosequi* was entered in the former suit, thereby seeking to show that it was not included in the former judgment. The court being of opinion that the *nol. pros.* was ineffectual, by reason of its ambiguity, refused to admit the testimony, and held that the former recovery was a conclusive bar to the present suit, to which ruling appellant excepted. It is this action of the court we are now asked to review.

In the conclusion reached by the court below, as to the effect of the *nolle prosequi*, we are inclined to concur. The declaration contained special counts upon four promissory notes, two of them being for $25 each, but payable at different times. The record recites that the plaintiff "entered his *nolle prosequi* as to the twenty-five dollar note mentioned and described in his declaration filed in said cause." Which one of them it is not stated, and there is nothing in the record showing which one of them was intended.

As the plaintiff, in entering his *nol. pros.*, refers to the note mentioned and described in his declaration, the record of the order for judgment and the declaration must be taken together. Taking them together, it is left wholly uncertain which of the two is intended, whether it be the one due in seven months after date, or the one due in nine months. There was thus an ambiguity patent upon the face of the record, and as such it was not open to explanation. It is said in Bouvier's Law Dictionary, Tit. Ambiguity, "A patent ambiguity cannot be explained by parol evidence, and renders the instrument, so far as it extends, inoperative." See, also, 1 Greenl. Ev., §§ 297 to

Bisbee v. Woodbury.

300. We think the *nolle prosequi* entered by the plaintiff was ineffectual by reason of its indefiniteness, and did not have the effect to take any portion of his cause of action out of the issues submitted to the court for trial, and passed upon in its final judgment.

But it is insisted by appellant that conceding no *nol. pros.* was entered, he had the right to show, by parol proof, that the note sued on was not offered in evidence, nor embraced in the judgment which is pleaded in bar of his present suit.

It would be sufficient to say that the record fails to show that any evidence was offered as to what was submitted or passed upon by the court as the basis of its judgment in the former case. It appears from the bill of exceptions in this suit, that the evidence offered was as follows: the plaintiff put in evidence the note for twenty-five dollars, and rested. The defendant then read the deposition of Mosness, which tended to show payment of the note; he also put in evidence the pleadings and judgment in the former suit in the Superior Court, and rested. Appellant in rebuttal testified to the non-payment of the note, and then offered to prove by his oral testimony that the note mentioned in the order for judgment as the twenty-five dollar note, was the same note sued on and offered in evidence in this cause, which testimony the court refused to admit.

This was all the evidence offered in the case, and thus, as will be perceived, no proof was offered to identify or show upon what evidence the court rendered its judgment. It is true, the record of the judgment shows that the amount of the plaintiff's recovery was less than the sum of the four votes declared on, but it does not show which of the two twenty-five dollar notes, was embraced in the computation or passed upon by the court.

But if it be assumed that such testimony was offered, we think it was incompetent, as tending to contradict the record. By the declaration which counted specifically upon the note, the defendant's plea thereto, and plaintiff's replication, issue was taken on the identical cause of action upon which the present suit is brought. The record shows that that issue was submitted to the court, a trial had, and judgment rendered thereon.

If the declaration had contained only the common counts, in *indebitatus assumpsit*, under which the plaintiff might have introduced all or only a portion of his notes, it may be conceded that it would have been competent to show by parol when the judgment should be pleaded in bar to a subsequent action, what particular note or notes were offered in evidence, for this would not have necessarily contradicted the record. In such case it would remain an open question as to what was the subject-matter passed upon.

It may be affirmed, as the result of an examination of the authorities, that there is a contrariety of opinion as to the cases in which parol proof may or may not be received to identify the particular claim or cause of action upon which a judgment was rendered. But since the case of Gray v. Gillelan, 15 Ill. 453, we understand the rule to be settled in this state, that where a cause of action has been specifically declared upon, and issue is taken thereon, and such issue has been submitted to, and passed upon by a court of competent jurisdiction, the record of the judgment is conclusive, and the parties thereto are estopped to say that the cause of action has not been adjudicated. In the case just cited the court say: " The weight of authority, as well as the policy of the law, are certainly against allowing a parol investigation into the truth of the matters appearing upon the face of the record. The case is distinguishable from a record which does not show upon its face the particular matter in controversy. * * * * * * *

* * There could be no dependence or stability in titles to realty or personalty, if a question of fact or issue plainly presented by, included in, and apparently determined upon the record, should be open to proof and investigation of its truth in another action." And this case has been followed, in principle, by many subsequent adjudications in this State.

We are therefore of the opinion that the court ruled correctly in rejecting the testimony offered by appellant, and that there is no error appearing in the record.

The judgment of the court below must be affirmed.

Judgment affirmed.