IRA W. RUBEL *et al.*

*v.*

THE TITLE GUARANTEE AND TRUST COMPANY.

*Opinion filed October 25, 1902.*

1. LEASES—*liability of lessee for rent in case leasehold interest is con-
demned.* A lessee whose leasehold interest is condemned may re-
main in possession of the premises until the entry of judgment
and payment of the compensation and damages, and he is liable
for the rent until that time.

2. EVIDENCE—*evidence cannot be received to impeach record.* Where
the record of a proceeding to condemn a leasehold interest shows
the items going to make up the judgment for compensation and
damages, parol evidence cannot be received, in a subsequent suit
for rent, to show that unpaid rent was reckoned in the condemna-
tion proceeding and deducted from the amount of the judgment,
which fact does not appear in the record of the judgment.

3. CONDEMNATION—*stipulation by petitioner's attorney as to damages must be authorized.* A stipulation alleged to have been made by the attorney for a railroad company in a proceeding to condemn a leasehold interest, to the effect that unpaid rent might be deducted from the amount of the condemnation judgment, is not binding upon the company unless it was authorized.

4. SAME—*when record of condemnation suit is binding upon parties.* If the record of a condemnation suit shows the cause of action, the matters litigated and the judgment, it is binding upon a party thereto in a collateral proceeding and evidence is inadmissible to contradict or impeach it.

*Rubel* v. *Title Guarantee and Trust Co.* 101 Ill. App. 439, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. P. VAIL, Judge, presiding.

LOEB & ADLER, for appellants.

ADDISON L. GARDNER, (W. W. GURLEY, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action brought by the appellee against the appellants, in the circuit court of Cook county, to recover rent for the months of May, June and the first seventeen days of July, in the year 1894, upon a written lease of certain real estate located in the city of Chicago, made by William J. Watson to the appellants and assigned by Watson to the appellee. The court directed a verdict in favor of the appellee and rendered judgment thereon, which judgment has been affirmed by the Appellate Court and a further appeal has been prosecuted to this court.

William J. Watson being the owner of lot 13, subject to a public alley on the west fifteen feet thereof, in Egan & Morris' subdivision of lots 2, 3 and 4, in block 84, in school section addition to Chicago, Cook county, Illinois, on May 1, 1893, leased the same to the appellants for the term of five years, beginning May 1, 1893, and ending

April 30, 1898, for the sum of $67,500, payable in equal monthly installments of $1125 each, in advance, upon the 15th day of each and every month during said term. On the 8th day of January, 1894, the Metropolitan West Side Elevated Railroad Company filed a petition in the circuit court of Cook county to condemn said premises for a part of its right of way, to which petition William J. Watson and the appellants were made parties defendant. On the 17th day of February, 1894, William J. Watson and wife conveyed said premises to the appellee by warranty deed, for the consideration of $215,000, and Watson on the same day assigned to the appellee the lease thereon before that time made by him to the appellants. The leasehold interest of appellants in said premises, which premises were improved with a seven-story building, was condemned by the Metropolitan West Side Elevated Railroad Company in the condemnation suit theretofore begun by it, and on July 17, 1894, a judgment in condemnation was entered by the court fixing the compensation of the appellants for their interest therein at $28,000, which has been paid. The appellants paid to the appellee the rent for the months of March and April of that year, but declined to pay any rent thereafter on said premises, although they occupied the same to July 17, 1894. The appellee made a case by the introduction of the lease and the assignment thereof, the deed to it from Watson for the property, proof of notice to appellants of the assignment of the lease, and a demand for rent, and that the rent for May, June and the first seventeen days of July, in the year 1894, had not been paid. Thereupon the appellants offered to prove in bar of the action that the appellee held the premises in question for the benefit of the Metropolitan West Side Elevated Railroad Company, and that upon the trial of the condemnation suit as to the value of appellants' leasehold interest therein, counsel for the appellants, on the 16th day of May, 1894, stated to the judge before whom said cause was being

tried without a jury, in open court, that an installment of the rent on the lease had fallen due on the preceding day and that his clients did not desire to pay the same, but wanted it to stand and to be taken account of by the court in making up his judgment; that such statement was made in the presence of the attorney for the Metropolitan West Side Elevated Railroad Company and no objection was made by said attorney to that course being taken, and that the rent, in consequence thereof, had not been paid; that one Benze, the agent of the elevated railroad company, came to the appellants before the condemnation suit was tried and requested them not to rent certain of the floors of said building, and upon the appellants protesting they could not afford to allow the floors to remain vacant, he said that the matter would be adjusted when the case came up in court, when the amount of money to be paid to them would be determined and ascertained. Appellants also offered in evidence the petition and judgment in the condemnation suit. All of said offers were rejected by the court, and the appellants have assigned the action of the court in declining to allow it to make such proof, as error.

The contention of the appellants is, that the amount of rent sought to be recovered in this case was taken into consideration in the condemnation suit and that the amount of said rent was deducted from the value of the appellants' leasehold interest, in said condemnation proceeding, and that judgment was rendered in that case for the value of said leasehold interest after deducting the amount of said rent, and that the rent was thereby paid and liquidated, and that the court erred in refusing to allow the appellants to prove that the court, in rendering judgment in the condemnation suit, took into consideration the amount of said rent, and reduced the amount of their compensation and damages to the extent of the amount of the rent then due and which might afterwards accrue on the lease upon said premises.

The only question before the court for determination in the condemnation suit was the value of said leasehold interest at the time the petition was filed; (*South Park Comrs.* v. *Dunlevy*, 91 Ill. 49; *Schreiber* v. *Chicago and Evanston Railroad Co.* 115 id. 340;) but as the appellants had the right to remain in possession of the premises until the entry of judgment and the payment of the compensation and damages, they are liable for rent until that time. (*Corrigan* v. *City of Chicago*, 144 Ill. 537.) The record of the judgment of condemnation sought to be introduced in evidence shows that the court fixed the compensation and damages of the appellants as follows:

| | |
|---|---:|
| For value of leasehold interest | $23,000 |
| For interruption to business | 1,000 |
| For depreciation in fixtures | 300 |
| For removing machinery | 400 |
| For salary to yearly employees | 500 |
| For damages to goods and furniture | 1,800 |
| For removing goods and fixtures | 1,000 |
| Total compensation and damages | $28,000 |

"And the court finds, from the evidence, that the foregoing sums will, respectively, compensate the respondents (appellants) for all loss or damage occasioned to them by the taking of said premises for the uses of petitioner's railroad."

It is clear from the authorities that where a judgment is pleaded or offered in evidence in bar of a claim, and it is uncertain from the record what was adjudged at the time the judgment was entered, parol evidence is admissible to show what matters were in controversy, what testimony was given and what questions were submitted to the court for its determination at the time the judgment was entered. (*Gray* v. *Gillilan*, 15 Ill. 453; *Barger* v. *Hobbs*, 67 id. 592; *Chicago, Burlington and Quincy Railroad Co.* v. *Schaffer*, 124 id. 112; *Palmer* v. *Sanger*, 143 id. 34; *Wright* v. *Griffey*, 147 id. 496.) But such evidence will never be received for the purpose of impeaching or contradicting the record. In *Gray* v. *Gillilan, supra*, on page

455 it is said: "Where the cause of action or ground of defense, or other matter, appear upon the face of the record, no proof is admissible; but where they do not, witnesses may be called to identify the parties, the cause of action or defense, or other matter litigated." In this case the record in the condemnation suit upon its face shows the cause of action, the matters litigated and the judgment of the court, and is conclusive upon the appellants. To permit the introduction of the evidence offered by the appellants would be to impeach and contradict this record, and, in effect, do away with the same, which is not permissible.

The offer of proof of what was said by the attorney of appellants at the trial of the condemnation suit did not go far enough to make it binding upon the railroad company. It does not appear from the offer that the attorney for the company assented to the proposition that the court take into consideration the rent then due and that might accrue upon the leasehold, in fixing the amount for which judgment should be rendered in appellants' favor in the condemnation suit. Mere silence on his part would not bind the company. Neither does it appear from the offer said attorney had any authority to make such a stipulation on behalf of the company, and if he did not have such authority, the stipulation, if made, would not have been binding upon the company. *Wabash, St. Louis and Pacific Railway Co.* v. *McDougall*, 126 Ill. 111.

The conversation of the appellants with Benze was merged in the condemnation judgment. We find in the record of the condemnation suit as offered in evidence no stipulation or agreement that the question of rent should be taken into consideration by the judge in fixing the compensation and damages of the appellants in that suit, and that judgment cannot be collaterally attacked in this court by parol evidence of an agreement made between Benze and the appellants. If such parol agreement was relied upon by the appellants it should have

been proven in the condemnation suit. In any event, it cannot be proven here to impeach and contradict the judgment rendered in that case. If the record in the condemnation case is not full and complete and does not speak the truth, it should have been corrected in the case and in the court where it was made. It cannot be corrected here.

If it be conceded that the appellee holds the fee title to the premises upon which the leasehold interest of appellants rests, for the benefit of the elevated railroad company, which the proof in this record does not show, still we think the court did not err in excluding the proof offered by the appellants, for the reason that the effect thereof would have been to impeach and contradict the judgment in the condemnation suit,—a suit to which the appellants were a party, and the record of which, as to what was litigated therein, is binding upon them.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*