### State Bank of Chicago, Trustee, Plaintiff in Error, v. Fletcher H. Wheeler, Defendant in Error.

### Gen. No. 14,264.

1. LANDLORD AND TENANT—*what actual eviction.* When a material portion of demised premises included in a lease is taken away from the tenant an actual eviction takes place by reason of which the landlord loses all right to recover rent under the lease; and this notwithstanding the rent, which was provided for as an entirety, is payable in instalments.

2. ESTOPPEL—*when arises by verdict.* Where a question at issue in the cause has been previously at issue and determined in a like cause between the same parties, an estoppel by verdict arises.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed February 15, 1909.

ALLEN G. MILLS, for plaintiff in error.

JOHN CLARK BAKER, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The first matter to be disposed of in this cause is a motion by the defendant in error, reserved until the hearing, to strike the bill of exceptions from the files.

It is denied. We are not predisposed to dismiss one writ of error because the judgment or order which it attacks is not a final one, and then in effect deny a hearing on another one because that order was so final that a bill of exceptions in the cause filed more than thirty days after its rendition must be stricken from the record; and in this case no such action is required.

But after consideration of the matter involved in the writ of error, we see no reason for disturbing the judgment.

The defendant in error, Wheeler, in our opinion suffered an eviction in September, 1906, when a material portion of the premises which were included in the lease from the plaintiff in error to him was taken away, not—as after an analysis of the evidence we are forced to conclude—by agents acting without the consent of the lessor, the plaintiff in error, but by the agents of the plaintiff in error with the authority and knowledge of the plaintiff in error. To discuss the evidence to show our reason for this opinion would serve no useful purpose. That being, however, in our view, established by the evidence, it follows in our opinion, as a matter of law in Illinois, that the plaintiff in error lost all rights to recover rent under the covenant in the lease, which was an entirety, although payable in installments

There was no error in allowing the presentation of evidence to prove that the same question at issue in this case had been litigated in another case in a court of competent jurisdiction. The decision of that case might not make this one *res adjudicata,* and yet furnish an estoppel by verdict, if the vital issue in this case were necessarily decided in that. The investigation, therefore, of whether there had been such an issue involved was proper and relevant. L. N. A. & C. Ry. Co. v. Carson, 169 Ill. 251; Wright v. Griffey, 147 Ill. 496-500; Rubel v. The Title Guarantee & Trust Co., 199 Ill. 110-114.

It is not necessary, however, that we should discuss this evidence further, for the error in admitting it, if

it had been error, would not be prejudicial, since we hold that there was evidence in the case at bar establishing the eviction which we indicated in deciding State Bank v. Wheeler, No. 13511 in this court (not reported), we found there was evidence of in that case.

The objection that the court did not instruct the jury that the plaintiff might recover for an electric light bill, is not well taken. No such instruction was requested, and besides, the defendant correctly says if the bill was a part of the rent, the eviction prevented its recovery; and if it was not, there was no jurisdiction in this action of the claim for it.

The judgment of the Municipal Court is affirmed.

*Affirmed.*