WUNSCH, Plaintiff in Error, v. GRETEL, Defendant in Error.

1. To maintain an action of forcible entry and detainer, it is not necessary that the plaintiff should prove an entry by the defendant with actual force : there may be a forcible entry in the sense of the statute without the use of violence or of threats.

*Error to St. Louis Land Court.*

The facts sufficiently appear in the opinion of the court.

*S. H. Gardner*, for plaintiff in error.

*H. N. Hart*, for defendant in error.

RICHARDSON, Judge, delivered the opinion of the court.

The sixteenth section of the first article of the act of 1845 concerning forcible entry and detainer, declares that " the complainant shall not be compelled to make further proof of the forcible entry or detainer than that the defendant unlawfully entered into and detained the same." The purpose of the statute is to prevent the intrusion of one person on the lawful possession of another without his consent, and to secure a peaceable possession from being changed without authority of law against the will of the occupant. This section of the act excludes the idea that *force* is a necessary ingredient to give a right of action; and, though neither violence nor threats are used, a party may be guilty of forci-

ble entry and detainer. (Warren v. Ritter, 11 Mo. 354; Cathcart v. Walter, 14 Mo. 17; Krevet v. Meyer, 24 Mo. 107.) The court, at the instance of the defendant, instructed the jury that it was "incumbent on the plaintiff to prove force in getting possession of the premises, or such words and actions used by defendant to the plaintiff as have a natural tendency to excite fear or apprehension of danger to the person in possession, or he can not recover." The giving of this instruction and the refusal of those asked by the plaintiff indicate that the case was put to the jury on an improper theory. Whether the plaintiff voluntarily abandoned the possession, or the defendant did any thing towards a disturbance of the plaintiff's possession, are questions of fact for the jury, about which we intimate no opinion.

The other judges concurring, the judgment will be reversed and the cause remanded.