## John H. Cox, Plaintiff in Error, v. William H. Reed *et al.*, Defendants in Error.

### ERROR TO WABASH.

A party need not produce or prove a judgment that is not put in issue.

If heirs are brought into court by *scire facias* under the statute, to show cause why they should not be made parties to a judgment, it will be necessary to prove up the case *de novo* against them. Adults cannot demand that more shall be proved against them, when there are infant parties, than if all were adults.

The giving of a bond in satisfaction of a judgment, is in law a payment of it.

This case was heard in the Second Grand Division by agreement of parties.

This was an action (begun in Richland, and the venue changed to Wabash,) for breach of covenant of warranty in the deed of Joseph H. Reed, (the ancestors of defendants), dated September 1, 1838, to S. and J. Abernathy, for in lot No. 43, in Mansfield, Ohio.

The lot was afterwards sold and conveyed by F. Wharf, sheriff of Richland county, Ohio, in 1850, to James Weldon, under a judgment and execution of the Farmers' Bank of Mansfield, against S. and J. Abernathy and others, in the Court of Common Pleas of said county.

J. Weldon conveyed the same, December 17, 1850, to John H. Cox, the plaintiff; and Cox conveyed it, February 11, 1851, to Harriet Pugh, with covenants of warranty.

The heirs of Samuel Lewis, by paramount title, older than the deed of Reed, recovered the same in the ejectment against Harriet Pugh, in September, 1855.

Cox, in 1857, being threatened with suit on his covenants to Harriet Pugh, settled and paid her over $1,100 damages, and the costs and damages recovered by the Lewis heirs, $160, and in 1858 brought this suit against the defendants, heirs of

J. H. Reed, on the covenants in his deed, etc., to recover the damages plaintiff has suffered by the breach thereof.

The several counts in the declaration set forth, that J. H. Reed made a deed, with covenants of warranty, for lot 43, to Samuel and John W. Abernathy; that a judgment was recovered against them by the Farmers' Bank of Mansfield, and the lot sold or conveyed by Frederick Wharf, sheriff, to James Weldon; that Weldon conveyed to John H. Cox; that Cox conveyed, with covenants of warranty, to Harriet Pugh; that Harriet Pugh was by the paramount title of the heirs ⸢of Samuel Lewis; that Cox paid her the damages incurred by breach of his covenants. The names of the heirs of said Reed, as also the heirs of said Lewis, are set forth, and Mary J. Musgrove, and Annette Musgrove, two of said defendants, were minors.

The defendant plead, 1st, *non est factum* to deed of J. H. Reed, and, 2nd, statute of limitations, (sixteen years.)

On these pleas issues were taken, and a trial had at the September term, 1859, before a jury, and a verdict for the plaintiff for $1,375.

The pleas were worded thus: " and the defendants, by their attorneys, came," etc., and signed by the counsel appearing for defendants; the issues were made upon the pleas in that form, and the verdict of the jury was, " we the jury find for the plaintiff;" without any designation by the counsel for the defendants as to who, if not all of the defendants, they did appear for, and without any notice being taken of the minority of Mary J. and Annette Musgrove.

After the return of the verdict and the discharge of the jury, and after the counsel for the plaintiff had left the court, and without any actual notice to them, the counsel for the defendants moved for a new trial, on the ground of the minority of the said Musgrove children, and the motion was allowed.

Afterwards, at the next term, being the first opportunity after the plaintiff had knowledge that the motion for a new trial had been made and granted, he moved to set aside the order for a new trial, and for leave to enter judgment against the other defendants who had appeared and plead, and showed for reason that there had never been any service on the said minors, that they were not in court, that no judgment had been asked or sought against them, and that judgment was only asked against the adult defendants, who by their counsel had appeared and defended; which motion being overruled, the plaintiff excepted.

And the plaintiff assigns for error, the refusal to allow him

judgment on the verdict of the jury against the defendants, excepting said minors and *sci. fa.* for them.

On the last trial there were four issues, as follows : *non est factum* to the deed of J. H. Reed; statute of limitations; *non est factum* to the deed of F. Wharf, sheriff, etc. ; and *non est factum* to the deed of James Weldon. Issues tried by the court, by consent, without a jury.

To the introduction of the deeds and the depositions, there was a general objection made, but upon what grounds the bill of exceptions does not show. The statement in the bill is that "the plaintiff offered and introduced in evidence the following deeds, papers and depositions, to the introduction of which the defendants, by their counsel, at the time objected, and the evidence being heard and the cause finally submitted," etc.

The deed of J. H. Reed contains a covenant of warranty, binding his heirs.

The record of the judgment against S. and J. W. Abernathy and others, shows the judgment was confessed by an attorney in fact ; that an execution was levied, and the lot sold by Wharf, as sheriff, to James Weldon ; that a report of the sale was made and confirmed, and sheriff ordered to convey ; that the proceedings were in the Court of Common Pleas, Richland county, Ohio, and certified by the clerk of the court, and the presiding judge.

The deed of Wharf refers to said judgment and sale, and conveys the lot to James Weldon. Deed was duly acknowledged and recorded.

The deed of James Weldon to John H. Cox, the plaintiff in error, conveys the same lot, and is duly acknowledged and recorded.

The deed of J. H. Cox (plaintiff), to Harriet Pugh, for said lot, is duly acknowledged and recorded, and contains covenants of title and warranty.

The record of the judgment of eviction by the heirs of Samuel Lewis against Harriet Pugh, shows that John F. Lewis and others (as named in plaintiff's declaration) recovered the possession by paramount title, as also judgment against Pugh and others, for $191.50 for rents, which record is duly certified by the clerk of the court and presiding judge, of the same Court of Common Pleas.

The deposition of G. F. Carpenter, proves the payment by Cox of the damages to the amount of $1,100, and to Lewis' heirs, $160, which he was compelled to pay, to avoid suit by Pugh on the covenant, and which was less than the value of the property. Also proves the deeds to be genuine.

The deposition of J. F. Lewis proves that his father died seized of the lot, leaving the heirs named as plaintiffs in the suit against Pugh and others, and the same is also proved by Bartley.

The errors assigned are: that the court erred in granting a new trial to defendants, and in overruling the plaintiff's motion to set aside the order for a new trial; that the final judgment of the court was contrary to evidence; that the final judgment of the court was contrary to law; and that the judgment of the court should have been in favor of the plaintiff for his damages.

A. KITCHELL, for Plaintiff in Error.

C. H. CONSTABLE, for Defendants in Error.

CATON, C. J. We shall confine ourselves to the disposition of the points raised in the printed argument of the counsel for the defendants.

The first is, to the authentication of the judgment in Ohio, upon which the premises were sold and the sheriff's deed made. The answer made to this, we think, is conclusive. This is an action of covenant, in which, strictly, there is no general issue, putting the plaintiff upon proof of his whole case, but each fact, which of itself would defeat the plaintiff's action, must be specially pleaded. Here were three pleas of *non est factum*, putting in issue three of the deeds constituting the chain of title, and the statute of limitations. This is all of the declaration which was denied. There was no plea of *non infregit conventionem*. The existence of that judgment, as alleged in the declaration, was not put in issue, and consequently the plaintiff was not called upon to produce or prove it. All he was required to prove was, that which was denied by the defendants, and that was the execution of the deeds. When that was done, the breach of the covenants and the heirship of the defendants, were admitted, and the plaintiff only had to show how much he had been damnified by the breach of the covenant, so that the court might know for how much to render the judgment.

Another objection is made, that some of the defendants were infants. That appears from the declaration, but we do not quite understand the nature of the objection, on this account. They were not served with process, and are not parties to the judgment. When they are brought in by *sci. fa.* under our statute, to show cause why they shall not be made parties to the judgment, it will be necessary to prove up the

case *de novo* against them. These adults, against whom the judgment was rendered, cannot claim that any more shall be proved under the issues which they have formed, when the defendants not served are infants, than would be required if they were adults. As to the defendants served, it was only necessary to prove up the case against all of the defendants, under the pleadings actually formed, and the court will not imagine that if the other defendants had been served, they would have put in other pleas or put the plaintiff to other proof, than is required by the pleas filed.

The giving the bond in satisfaction of the judgment against Cox, was in law a payment of it, as much for the purposes of this cause, as if he had paid it in coin. *Ralston* v. *Wood*, 15 Ill. 159.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*