# JOHN SHELDON *et al.*

### *v.*

# CALEB H. PATTERSON.

55   507
142  527

55   507
206  582

1. PARTIES *on foreclosure—wife of the mortgagor.* Where it appears, in a suit to foreclose a mortgage, that the acknowledgment of the wife of the mortgagor was not such as is required by law, she is neither a necessary nor a proper party to the suit.

2. RES ADJUDICATA—*in what manner availed of so as to be conclusive in another suit.* Whatever may be the true rule in regard to the effect to be given to a judgment rendered in a court of concurrent jurisdiction, when given in evidence in another suit in which the same question is involved, and between the same parties, without having been pleaded as an estoppel in bar, the party having had an opportunity so to plead it, all the authorities agree that when there has been no such opportunity, in the course of the pleadings, to plead the matter of estoppel in bar, and it is offered in evidence, it is equally conclusive as if it had been pleaded.

3. In this case a bill was filed to foreclose a mortgage, to which the defendant interposed an answer, setting up that the contract to secure the performance of which the mortgage was given, was usurious, and, under the laws of the State of Wisconsin, where the contract was made, was void. After the filing of this bill, and before answering the same, the mortgagor commenced proceedings in the State of Wisconsin, in a court of competent jurisdiction, for the purpose of having the note and mortgage declared void on account of their usurious character, and a decree was rendered therein accordingly, after the issue was made up in the foreclosure suit, but before the final hearing thereof: *Held,* inasmuch as the mortgagor had no opportunity to plead the former judgment as an estoppel, in the suit for foreclosure, the pleadings being closed before it was rendered, but gave it in evidence under the answer setting up the usury, it was equally as conclusive as if it had been pleaded.

4. STRICT FORECLOSURE—*whether allowable.* In a suit to foreclose a mortgage, where it did not appear that the mortgagor was insolvent or that the mortgaged premises were not of sufficient value to pay the debt and costs, it was held erroneous to decree a strict foreclosure.

5. DOWER—*suit to foreclose.* In a suit to foreclose several mortgages, in some of which the wife of the mortgagor had not relinquished her right of dower, it is erroneous so to decree that her right to redeem from the mortgage in which she had made such relinquishment shall depend upon her making payment of all the debts secured by the several mortgages. In such case a

separate account should be taken as to her, and the decree so framed as to require the payment on her behalf, of only the amount due upon the mortgage in which her right of dower was relinquished.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

This was a bill in the Superior Court of Chicago, filed August 15, 1866, by appellee, against appellants, and others as subsequent incumbrancers, to foreclose three certain mortgages alleged to have been made by appellants to appellee, upon the south-east quarter of section 32, town 37, north range 13 east, situate in Cook county, Illinois.

The first mortgage was executed at Milwaukee, Wisconsin, on the twentieth of January, 1860, to secure a promissory note of same date, made by appellant John Sheldon, to appellee, for $1550, payable at Chicago, two years after date, with interest at the rate of ten per cent per annum until paid.

Second mortgage made on the thirtieth of April, 1860, to secure a note of $300, payable twentieth of January, 1862, at same rate of interest.

Third mortgage made on the nineteenth of March, 1861, to secure a note for $156, payable twentieth of January, 1862, at same rate of interest.

Copies of the mortgages are attached to the bill and made a part of it. The first mortgage was not acknowledged by the wife, so as to affect her right of dower. September 11 appellants filed answers setting up as a defense to the mortgage first above mentioned, that at the time of making the note and mortgage, the parties to the transaction all resided in the State of Wisconsin; that the note and mortgage were given at Milwaukee, in pursuance of a corrupt, usurious and unlawful agreement between appellee and John Sheldon, for the loan of money by the former to the latter at a rate of interest exceeding the lawful rate; setting out the agreement, also setting out the statute of Wisconsin, whereby the lawful rate of interest is

fixed at seven per cent, but allowing the parties to agree upon twelve, providing the excess above seven is clearly expressed in writing, and all notes, bills, contracts and securities in violation of its provisions are declared void; authority given the borrower to file his complaint in the circuit court of the proper county for a discovery, and to compel the lender to answer on oath, and declaring "that whenever it shall satisfactorily appear to a court, that any bond, bill, note, assurance, pledge, conveyance, contract, security or other evidence of debt, has been taken or received in violation of the provisions of that act, the court shall declare the same to be void, and enjoin any prosecution thereon, and shall order the same to be canceled and delivered up."

A certified copy of the statute was introduced in evidence, and the depositions of several witnesses to prove the usury as alleged.

Appellants also produced in evidence an exemplified copy of a judgment record of the circuit court of Milwaukee county, certified according to act of congress, whereby it appears that on the first of September, 1866, appellant John Sheldon, commenced a suit by complaint and summons, in said court, under said statute, against appellee, setting forth said usurious contract, and giving the note and mortgage in pursuance of it, the same as in their answers; a threatened prosecution by appellee upon them, and praying that they might be declared void, appellee enjoined from prosecuting any suit upon them, and that they be delivered up and canceled; that appellee was served with process in that suit, appeared and filed his answer, and such proceedings were had that afterwards, on the eighteenth of September, 1867, a decree or judgment was rendered and entered of record, finding the note and mortgage in question usurious; that they had been taken and received in violation of said statute, and declaring them void, enjoining appellee from prosecuting any suit upon them, and requiring him to deliver them up and cancel them.

The court below disregarded this judgment, and found in favor of appellee upon all the issues, and decreed that appellant John Sheldon pay appellee the sum of $4287.79, in ninety days, with six per cent interest, and in default thereof, that appellants and all others be foreclosed, etc.

Messrs. SLEEPER & WHITON, for the appellants.

Mr. D. J. CROCKER, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The principal question in this case is, whether any, and if so, what, effect should have been given to the judgment or decree of the Milwaukee circuit court, rendered after the issues were closed in the court below, and introduced in evidence. The same matter was directly in issue in the two cases. There can be no objection on account of parties, for the wife is not to be deemed a party to this suit, so far as it relates to this mortgage. She was a necessary and proper party as to one of the other mortgages. But not having acknowledged the mortgage in question, as required by law, and that appearing upon the face of the bill, she is no more a necessary or proper party to a bill to foreclose it, than if her name did not appear to it at all.

The rules of law as to the conclusiveness of judgments and decrees, are, it is said, founded upon these evident principles or axioms : that it is for the interest of the community that a limit should be prescribed to litigation, and that the same cause of action ought not to be brought twice to a final determination. Justice requires that every cause be once fairly and impartially tried, but the public tranquility demands that, having been once so tried, all litigation of that question, and between those parties, should be closed forever.   1 Greenlf. Ev. sec. 522.

The general rule on this subject which has been adopted without qualification, is that laid down by Lord Chief Justice DEGREY, in the *Duchess of Kingston's case,* 20 How. St. Tr.

538 : " From the variety of cases," said he, "relative to judgments being given in evidence in civil suits, these two deductions seem to follow as generally true : first, that the judgment of a court of concurrent jurisdiction directly upon the point, is, as a plea, a bar ; or, as evidence, conclusive between the same parties upon the same matter directly in question in another court."

We said, adopted without qualification.    There is one that has been recognized by many courts, but which seems to impinge upon the principle upon which the rule itself is based.    It is to the effect that if a party have an opportunity to set up the judgment by pleading it, and he does not, then it is evidence, but not conclusive, and this upon the ground that a party may waive the benefit of an estoppel, and that he is held to have elected to waive it by not pleading it when he has an opportunity of doing so.    2 Smith Lead. Cases, 445, and cases there cited.

Mr. Greenleaf, speaking of this waiver, says : " This proposition is admitted in its application to estoppels arising from an act of the party himself in making a deed, or the like, but it has been denied in its application to judgments recovered ; for, it is said, the estoppel in the former case is allowed for the benefit of the other party, which he may waive, but the whole community have an interest in holding the parties conclusively bound by the result of their own litigation.    And it has been well remarked that it appears inconsistent that the authority of a *res judicata* should govern the *court* when the matter is referred to them by pleading, but that a *jury* should be at liberty altogether to disregard it, when the matter is referred to them in evidence, and that the operation of so important a principle should be left to depend upon the technical forms of pleading in particular actions, and notwithstanding there are many respectable opposing decisions, the weight of authority, at least in the United States, is believed to be in favor of the position, that where a former recovery is given in evidence, it is equally conclusive, in its effect, as if it were specially pleaded by way of estoppel."    1 Greelf. Ev. sec. 531 and note 5.

But the authorities all agree that when there has been no opportunity to plead a matter of estoppel in bar, and it is offered in evidence, it is equally conclusive as if it had been pleaded. *Wright* v. *Butler*, 6 Wend. 284; *Magrath* v. *Hardy*, 4 Bing. N. C. 782; *Howard* v. *Mitchell*, 14 Mass. 241; *Adams* v. *Barnes*, 17 Mass. 365; *Trevivan* v. *Lawrence*, 1 Salk. 276; *Gray et al.* v. *Gillilan et al.* 15. Ill. 454.

In *Dow et al.* v. *McMichael*, 6 Paige R. 139, the defendant set up certain matters of defense by his answer. The complainant gave in evidence the record of a judgment at law upon the same matter, without pleading it. The chancellor held that inasmuch as general replications only were allowed, and complainant had no opportunity of pleading the judgment as an estoppel, it should, as evidence, have the same effect.

In the present case, the judgment in the Milwaukee circuit court was not rendered until long after this cause was at issue in the court below, and therefore appellants had no opportunity, in the course of the pleadings, to plead it as an estoppel. And if the distinction rests upon the doctrine of waiver, by failing to set it up, when there was opportunity to do so, would it not be carrying the doctrine to an unreasonable length to hold that the same inference of waiver would arise, if the matter of estoppel arose after the pleadings were closed, and that though it could not be pleaded except by application to the discretionary power of the court, and obtaining leave, yet, if the party failed to make the experiment, even in a case where courts generally lean against the defense sought to be established, he shall still be deemed to have elected to waive the estoppel by not attempting to obtain leave to set it up? The rule is properly stated in this respect in *Howard* v. *Mitchell*, *supra*, thus: " When, *in the course of the pleadings*, the party who relies on matter of estoppel has no opportunity to plead it, he may show it in evidence, and it will in general have the same effect as if pleaded."

Because appellants had no opportunity to plead the former judgment as an estoppel, but gave it in evidence under the

answer setting up the usury, it was equally as conclusive as if it had been pleaded. The court had jurisdiction of the subject matter and the parties, and the same matters were directly in issue in both cases. Other suitors and the community were interested in having the appellee held concluded by the judgment of a competent court of the place of his own domicil. If the decision in Milwaukee had been the other way, then, upon the authority of the case of *Dow* v. *McMichael, supra,* appellee could have introduced the record in evidence, as conclusive; and estoppels are mutual.

It did not appear in the case that the mortgagor was insolvent, or that the mortgaged premises were not of sufficient value to pay the debt and costs. It was, therefore, erroneous to decree a strict foreclosure.

The mortgage of April 30, 1860, for $300, was the only one properly acknowledged by the wife, so as to cut off her right of dower. Yet, to redeem, she was required by the decree below to pay not only the amount due upon that mortgage, for principal and interest, but the amounts so due upon both the other mortgages. This is manifestly wrong. A separate account should have been taken as to her, and the decree so framed as to require the payment on her behalf of only the amount due upon the mortgage in which she relinquished her right of dower.

For these reasons the decree of the court below must be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

*Decree reversed.*