McCartney et al. v. Auer.

Judgment affirmed.   The other judges concur.

---

SAMUEL McCARTNEY *et al.*, Plaintiffs in Error, *v.* JOHN A. AUER, Defendant in Error.

1. *Landlord and tenant — Attornment by tenant to a stranger void — Right of re-entry and ouster — Evidence.*— Under the statute (Wagn. Stat. 879, §§ 10–11), where a tenant for a term not exceeding two years in possession, without the landlord's consent, delivered the key of the premises to a party other than the landlord, and afterwards accepted the key and continued in possession as tenant of a stranger, the landlord was entitled, after giving ten days' notice, to institute proceedings to regain possession; and under such proceedings the landlord has a right to prove the giving of such notice.

2. *Practice, civil — Justices' courts — Statement of cause of action — Forcible entry and detainer — Evidence.*— Strictness of averments and technical precision in pleading is not required in magistrates' courts.   When there is an allegation of forcible entry the complainant shall not be required to make further proof of the forcible entry than that he was lawfully possessed of the premises, and that the defendant unlawfully enter into and detained, or unlawfully detained, the same.   (Wagn. Stat. 645, § 16.)

*Error to Kansas City Court of Common Pleas.*

*W. Hough*, for plaintiffs in error.

Although the complaint in this cause may be said to be, under a strict construction of its language, for a forcible entry and a

forcible detainer, yet, whether the entry be with or without force, the detainer is unlawful whether maintained with or without force; and the proof, to maintain an action under either section 2 or 3. of chapter 61, Wagner's Statutes, is, under section 16 of that chapter, p. 645, the same. (Wunsch v. Gretel, 26 Mo. 580.) The attornment by Threlkeld to Brown, without the consent of his landlord, was void, and Threlkeld still remained tenant of the plaintiffs. (Rutherford v. Ullman, 42 Mo 216.) The testimony of William Douglas to prove a demand by the plaintiffs, for the possession of the premises from Auer, after the expiration of Threlkeld's term, was admissible. (Reed v. Bell, 26 Mo. 218; Wagn. Stat. 879, §§ 10, 11.)

*Tichenor & Warner* and *Brown & Case*, for defendants in error.

I. This is an action of forcible entry and detainer by plaintiffs, who were in possession, not actually, but by their tenant, Threlkeld; if so, tenant must bring this action and not his landlord. (Burns v. Patrick, 27 Mo. 435; McCartney's Adm'r v. Alderson, 45 Mo. 35.)

II. Defendant, by plaintiff's evidence, came in by invitation of plaintiff's tenant, and on payment to him of $300; hence there was but one way for plaintiffs to proceed to get possession, and that was, not by the forcible entry and detainer act, but by the landlord and tenant act. (Wagn. Stat. 879, §§ 10, 11; Reed v. Bell, 26 Mo. 217.)

III. The court committed no error in excluding evidence of demand in writing for possession. The complaint is such, if true, that none was necessary. (Burns v. Patrick, *supra;* Wagn. Stat. 642, § 3.)

WAGNER, Judge, delivered the opinion of the court.

This suit was brought before a justice of the peace to recover possession of certain premises in Kansas City. At the trial before the justice the defendant had judgment. The case was then appealed to the Court of Common Pleas, and after hearing the testimony the court gave an instruction that, upon the evi-

McCartney et al. v. Auer.

dence, the plaintiffs could not recover. A nonsuit was then taken, and after an unavailing motion to set the same aside, a writ of error was sued out. The evidence adduced at the trial shows that the plaintiffs were in possession of the premises by their tenant, and while the tenant was so in possession he delivered up the key of the storehouse to another party, and then accepted the key back as the tenant of one P. S. Brown, under an arrangement made with Brown. A short time after this arrangement, in consideration of $300 paid him by the defendant, the tenant, who had continued in the occupancy all the time, delivered the possession to the defendant, who still retained the possession at the commencement of this suit.

This attornment by the tenant was not made with the assent of the plaintiffs, nor in pursuance of any provision of law on the subject. The attornment was void and did not in the least affect the possession of the landlords. (Wagn. Stat. 880, § 15; Rutherford v. Ullman, 42 Mo. 216.)

The statute provides that no tenant for a term not exceeding two years (and here the tenancy was yearly) or at will, or by sufferance, shall assign or transfer his term or interest, or any part thereof, to another, without the written assent of the landlord or person holding under him; and that if any tenant violate the above provisions, the landlord or the person holding under him, after giving ten days' notice to quit possession, shall have a right to re-enter the premises and take possession thereof, or to oust the tenant, sub-tenant or under-tenant, by the proper procedure. (Wagn. Stat. 879, §§ 10, 11.) When, therefore, the illegal attornment was made, upon giving the requisite notice, the plaintiffs had the right to institute proceedings to regain possession. The plaintiffs attempted to prove that they gave the necessary notice, and it was ruled out by the court, wrongfully as I think.

The complaint in this case charges the defendant with forcible entry and detainer. It is obvious that there was no forcible entry, but there was unlawful detainer. Strictness of averments and technical precision in pleadings is not required in magistrates' courts. The statement may have used words not strictly appli-

cable to the case, but the statute declares that where there is an allegation of forcible entry " the complainant shall not be compelled to make further proof of the forcible entry or detainer than that he was lawfully possessed of the premises, and that the defendant unlawfully entered into and detained, or unlawfully detained, the same." (Wagn. Stat. 645, § 16; also Wunsch v. Gretel, 26 Mo. 580.)

The plaintiffs' testimony tended to prove an unlawful entry and an unlawful detainer, and I think the court erred in its instruction taking the case from the jury. The judgment will therefore be reversed and the cause remanded. The other judges concur.