All of these I have in hand. I presume there were also acts for the subjects of Attachment and Injunctions, which I could not get. I *may* be mistaken in supposing that all of these were drafted by the distinguished committee named (of that you can learn in Denver); but certain it is, that to repeal the Code without providing for every one of the subjects treated of in these acts, would be a very great disaster, as all are needed. It is now some time since I read them all carefully, but my recollection is, that they, with S. B. No. 1, which you published, formed a very good system of procedure. Of course, the Arbitration bill would not now be needed.

In re-reading the S. B. No. 1, it seems to me Sec. 18 would be improved by substituting Sec. 172 of the present Code for the last clause.                    Yours respectfully,

CHAS. E. WALDO.

## WORREL *v.* SMITH.

(*Supreme Court of Colorado, April Term, 1882—Error to County Court of Las Animas County.*)

1. REAL ESTATE—SALE AND POSSESSION. Where real estate was sold to be fully paid for by a given date, in which a deed for the premises was to be given and possession surrendered: *Held*, that the vendee, having made default in payment of the purchase money, is not entitled to possession until full payment be made in accordance with the terms of sale.

2. SAME—VENDOR'S LIEN—RENT. If default be made in the payment of unsecured purchase money, in such case, and the grantor obtain a decree awarding him a vendor's lien on the premises sold, with right of possession until payment of such purchase money: *Held*, that no rent accrues against the vendor for retention of the premises during such default of payment, although a deed of the premises was delivered the purchaser prior to his default.

3. SAME. The claim for such rents having been interposed as payment of purchase money, in the action for the vendor's lien, cannot afterwards be interposed as a counter claim in an action for the recovery of the purchase money.

BECK, J. The judgment sought to be reversed was founded upon a promissory note, executed by Worrel to Smith, in part payment of a house and lot purchased from the latter.

The defense was, that after execution of the deed to Worrel, Smith continued to occupy the premises for a period of thirteen months, for which period the sum of $325 was claimed to be due for rents.

The action was commenced before a justice of the peace, and an appeal taken to the County Court, where the cause was tried to the Court without a jury, and the counter claim for rent disallowed, upon the ground of a former adjudication of the same demand in an action instituted in the District Court of Las Animas county.

The disallowance of the cross demand, and the striking from the files of the account for rent, are the errors complained of.

Counsel for plaintiff in error argue that the subject ·matter of the counter claim filed in this cause is not identical with the claim presented in the District Court. That the rent claim there presented was not within the material issues legally raised by the pleadings in that case, and that it was not brought in question by the evidence, and necessarily determined upon the merits; hence the decree in that case does not conclude or estop the plaintiff in error from asserting the claim in the present action.

From a consideration of the facts disclosed by the record, and an examination of the evidence relating to the proceedings in the District Court, we are of opinion that there was such an adjudication of the identical subject matter of this counter claim in the District Court, as concludes the plaintiff in error from again asserting it in the present action.

Smith, the plaintiff, claimed, in his complaint in the District Court, that, by the terms of the written agreement of sale, he was to retain possession of the premises sold until full payment of the purchase money was made; that $200 of the amount was to be paid in cash, and the balance, $400, in personal property, which included a mare and colt, valued at $90. That full payment was to be made by September 1, 1878, when possession of the premises was to be given. That he had executed and delivered a deed of the premises to Worrel prior to that date, but that, at the date of filing the complaint, October 8, 1878, the cash payment of $200 had not been made, nor had the mare and colt been delivered. He averred that he held no security by mortgage or otherwise for the unpaid purchase money, amounting to $290, and that Worrel had instituted a suit against him before a justice of the peace for possession of the premises.

The plaintiff prayed, among other things, that he be decreed a vendor's lien on the premises, with a right to retain possession until full payment should be made therefor. Worrel answered the above mentioned complaint, setting up, among other facts, that the mare and colt had been delivered; that the $200 was paid by way of rent for the premises retained, and denying any indebtedness whatever. He denied that the premises were retained as security for the payment of the purchase money, and avers that they were retained for the purpose of defrauding him, Worrel, out of the rent, alleging a promise on part of Smith to pay a reasonable rental therefor, but that Smith was insolvent, and the rent was consequently uncollectable.

The answer also avers that defendant Worrel executed his promissory note, with two sureties, for the $200, which Smith had accepted, and that this note was paid by the rents of the premises, and damages for detention. He avers that these damages amount to the sum of $370.75, after deducting the amount of said promissory note, and he demands judgment against the plaintiff for this balance, together with the sum of $50 per month from the 7th day of February, 1879, until possession of the premises should be restored to him.

Issues were therefore made in this proceeding, whether the premises sold Worrel had been paid for, and whether, under the contract of sale, Smith was entitled to possession of the premises until full payment should be made therefor.

The District Court found that the mare and colt had not been delivered, nor had the $200 been paid, but that a note with sureties had been accepted for the payment of the latter sum of money. The decree was, that plaintiff surrender possession of the premises on payment of $90 in money by the defendant Worrel, or upon the delivery of the mare and colt.

That proceeding, although in many respects irregular, settled the question, that, under the contract of sale, Smith was entitled to retain possession of the premises sold Worrel until payment of the purchase money and property; also that full payment of neither money nor property had been made, but that a note with security having been accepted for the money payment, plaintiff was not entitled to vendor's lien for the

$200, but was entitled to such lien, with possession, until payment of the balance.

The issues tendered by Worrel in the action in the District Court involved a construction of the contract of sale, and the adjudication thereunder of possession until payment, was equivalent to a decision that no rents were to accrue until Worrel should pay for the premises.

The counter claim for rents, therefore, which was afterwards filed in the present action in the County Court, was an attempt on the part of Worrel to re-open the question of his right, under the contract of sale, to charge rent for the premises prior to obtaining, or being entitled to possession.

We are of opinion that the former adjudication of this question in the District Court constituted a bar to its consideration in the case before us. It is *res adjudicata.* The judgment of a Court of concurrent jurisdiction directly upon the point is conclusive upon the same matter directly in question in another Court. *Shelden et al.* v. *Patterson,* 55 Ill., 507; *Sawyer* v. *Woodbury,* 7 Gray, 502.

The judgment will be affirmed.

*Judgment affirmed.*

*Yeaman & Johns,* for plaintiff in error.
*J. C. Fitnam,* for defendant in error.

