# MICHAEL BRAHM ET AL.
## v.
## MARY DIETSCH.

1. STRICT FORECLOSURE.—In view of the policy of our statute, strict foreclosure is exceptional, and not favored. It may be de:reed, however, in the discretion of the court, where the inteiests of both parties manifestly require it, but not otherwise.

2. NECESSARY AVERMENTS IN BILL FOR STRICT FORECLOSURE.—Every bill for a strict foreclosure should aver that the property does not exceed in value the amount of the mortgage debt. *Quære*, whether it should also aver that, notwithstanding it is of less value, the complainant is willing to take it in fu l satisfaction of the debt.

3. CHANCERY—EVIDENCE.—Where the record showed reference to the master to take and report proofs, proofs so taken and reported and the r port approved, and that the cause thereupon was immediately heard upon bill and proofs taken, and the master's report showed that the property was worth considerably more than the mortgage debt. *Held*, that a court can not presume from the recital in the final decree that "the cause came on to be heard upon the bill of complaint and proofs taken," that other proof on the subject of the value of the property which supported the finding was also taken. Without still other expression indicating the proofs taken, or other proofs otherwise appearing, the presumption is that only those taken and reported by the master were heard.

4. BILL TAKEN PRO CONFESSO—EVIDENCE.—Upon a bill taken *pro confesso*, the court may find the facts averred without requiring any pioof, and the defendant can not object to the finding nor to the appropriate decree thereon; but where, upon a bill so taken, the court deemed it requisite to require the complainant to produce evidence to prove the allegations of her bill, and such evidence affirmatively and clearly proved that the value of the property mortgaged was more than the mortgage debt. *Held*, that it was error to disregard such evidence.

5. STRICT FORECLOSURE—TIME FOR PAYMENT.—Where, in a bill for a strict foreclosure, the decree ordered that defendants pay complainant the amount found due within one month, or, etc. *Held*, that the time limited for the payment was too short. The reason of the rule, in case of sale without redemption, applies with equal force to a case of strict foreclosure.

ERROR to the Circuit Court of Rock Island; the Hon. A. A. SMITH, Judge, presiding. Opinion filed August 20, 1884.

Messrs. SWEENEY & WALKER, for plaintiffs in error; as to what must be proved in case of a strict foreclosure, cited Farrell v. Parlier, 50 Ill. 275; Sheldon v. Patterson, 55 Ill. 513; Boyer v. Boyer, 89 Ill. 449; Rourke v. Coulton, 4 Bradwell, 271; Greenemeyer v. Deppe, 6 Bradwell, 491.

In chancery cases it is not to be presumed that any evidence was given in the cause in the court below, except what appears in the record: Kennedy v. Merriam, 70 Ill. 231; McIntosh v. Saunders, 68 Ill. 130; Cooley v. Scarlett, 38 Ill.-316; Boyer v. Boyer, 89 Ill. 449.

Mr. M. M. CORBETT and Mr. J. T. KENWORTHY, for defendant in error; as to strict foreclosure, cited Johnson v. Donnell, 15 Ill. 97; Stephens v. Bichnell, 27 Ill. 434; Hilliard on Mortgages, 4th Ed. 31; Jones on Mortgages, § 1545.

A strict foreclosure only pays or discharges the debt *pro tanto:* Vansant v. Allmon, 23 Ill. 33; Jones on Mortgages, §§ 950, 1567, 1597; Hilliard on Mortgages, Ch. 36, §§ 1–10; Edgerton v. Young, 43 Ill. 464; Spencer v. Harford, 4 Wend. 381; Morgan v. Plumb, 9 Wend. 287.

Where a decree is taken *pro confesso,* it is discretionary with the chancellor to render a decree without proofs, and the defendant can not make any objection that the proofs do not sustain the allegations of the bill: R. S. 1874, Ch. 22, § 18; Manchester v. McKee, 4 Gilm. 511; Smith v. Trimble, 27 Ill. 152; Stephens v. Bichnell, 27 Ill. 434; Harmon v. Campbell, 30 Ill. 25; Benneson v. Bill, 62 Ill. 408.

Where an objection is urged to a decree that the evidence is insufficient to support it, and the decree does not purport to give the evidence in the record, but merely states that a hearing was had upon the proofs and the *necessary facts* are found by the decree, it will bind: Preston v. Hodgen, 50 Ill. 56; Mauck v. Mauck, 54 Ill. 281; Morgan v. Corlies, 81 Ill. 72; Wright v. Troutman, 81 Ill. 374; Darst v. Thomas, 87 Ill. ·222.

PLEASANTS, P. J. This was a bill filed April 27, 1883, to foreclose a mortgage executed by plaintiffs in error to one

Brahm v. Dietsch.

John Reyser to secure a note of said Michael for $450, payable in one year with interest at eight per cent. per annum, assigned to defendant in error. The mortgaged premises are a house and lot in the city of Rock Island, and the homestead of the mortgagors, which was waived.

Besides the usual averments the bill alleges that said Michael Brahm is insolvent and unable to redeem the property, and that it is scant security for and insufficient to pay the amount due with costs of this proceeding; and prays for a strict foreclosure.

The defendants having been defaulted the cause was referred to the master " to take proofs of complainant's bill and state the account."

On June 9th he filed his report, setting forth the documentary evidence and the testimony of a single witness, the mortgagee, who stated as follows: " I know the mortgaged property (describing it)—think it not worth more than $600. I have known him (defendant Michael Brahm), for six or seven years. I know about his business. I believe he is unable to redeem said premises from the mortgage to me, now assigned to complainant. In my judgment the premises are scant and meager security for said indebtedness, including the costs." Upon the note was indorsed a credit of one year's interest, and the amount found due was $491.70. On the same day this report was approved, the cause set for hearing *instanter*, and the final decree filed. It recites that the cause was " heard upon the bill of complaint and proofs taken "—finds the amount due to be as reported, and that the defendant Michael Brahm is insolvent and unable to redeem the mortgaged premises; that they are scant security for the debt and costs and that no benefit can inure to the defendants or either of them from a sale thereof, and orders that they pay complainant the amount so found due and the costs, within one month, or in default thereof be barred and foreclosed from all equity of redemption and claim of, in and to said premises, and complainant be let into possession. Defendants sued out this writ of error.

In view of the policy of our statute providing for sale

under certain decrees as well as judgments and allowing the right of redemption therefrom to the debtor, his heirs, assigns and creditors—which is to make the property pay, in their interest, all it is really worth—strict foreclosure is exceptional and not favored. Still it may be decreed, in the discretion of the court, where the interests of both parties manifestly require it; but not otherwise. Johnson v. Donnell, 15 Ill. 97; Stephens v. Bicknell, 27 Ill. 434. That of the debtor includes his obligation to other creditors and subsequent purchasers. Hence where there are other incumbrancers, creditors or subsequent purchasers, this kind of decree will not be allowed· Farrell v. Parlier, 50 Ill. 274; Ronoke v. Colton, 4 Bradwell, 257. So, where the property exceeds in value the amount of the mortgage debt and costs it is obvious that to take it for the debt can not be for the interest of the debtor. Hence every bill for a strict foreclosure should aver that this value does not exceed that amount. See, besides the cases *supra*, Sheldon v. Patterson, 55 Ill. 507, 513; Boyer v. Boyer, 89 Id. 447; Greenemeyer v. Deppe, 6 Bradwell, 490; Miller v. Davis, 5 Id. 474; Murphy v. Stith, Id. 562.

Whether it should also aver that notwithstanding it is of less value the complainant is willing to take it in full satisfaction of the debt, is perhaps not settled in this State. In Vansant v. Allmon, 23 Ill. 33, and Edgerton v. Young, 43 Id. 470, it was said that according to the weight of authority strict foreclosure in such a case operates to extinguish the debt only *pro tanto.* But the precedents there referred to (for none are cited) are believed to be mainly from jurisdictions in which such decrees are not exceptional; and later cises indicate that whether it is or is not an imperative rule of equity, our courts, in the exercise of their discretion, will require him to accept it as a discharge in full. Farrell v. Parlier, Boyer v. Boyer, Miller v. Davis, Murphy v. Stith—all above cited. This works no hardship to the creditor, because the debtor is shown as part of the case, to be insolvent. We are not now called on to express a more decided opinion on this point, since there are other grounds above indicated upon which with greater confidence we reverse this decree.

Brahm v. Dietsch.

The evidence preserved in the master's report must be held, as against the complainant, to be that the property was worth $600, which is considerably more than the debt and costs. So far as appears this is the uncontradicted testimony of her own witness, the mortgagee and her assignor.

Counsel contend that upon the recital in the final decree this court should presume, in its favor, that other proof on this subject which supports the finding was also taken. That recital is that " the cause came on to be heard upon the bill of complaint and proofs taken; " and it is said that since this does not refer in terms to the master's report it ought not to be so limited. But interlocutory orders relating to this report also appear in the record, and being as much a part of it as is the final decree, should be considered in connection with its recital as if they also were recited in it. The record, then, shows a reference to the master to take and report proofs, proofs so taken and reported, the report approved, and the cause thereupon immediately heard upon bill and proofs taken. Without still other expression indicating the proofs taken or other proofs otherwise appearing, the presumption is that only those taken and reported by the master were heard. Boyer v. Boyer, 89 Ill. 449.

It is further urged that upon a bill taken *pro confesso* the court may find the facts averred, without requiring any proof, and therefore the defendant can not object to the finding nor to the appropriate decree thereon, for insufficiency of proof. We so understand the law. Manchester v. McKee, 4 Gilm. 517; Stephens v. Bichnell, 27 Ill. 444; Boston v. Nichols, 47 Id. 357–8 and cases there cited. For that reason we have not noticed the question of the insolvency of Brahm. The fact was averred and the finding, as to that, is beyond the reach of objection. It is not unreasonable to believe an averment not denied by the party interested to deny it if untrue, although the proof offered be not of itself sufficient to establish it, notwithstanding we think the proof of it rather insufficient. But in respect to the value of the premises as compared with the amount of the debt, a different question is presented. The circuit court did not see fit to dispose of this

case upon the bill taken as confessed, but deemed it "requisite" in the language of the statute (R. S. Chancery § 18) "to require the complainant to produce documents and witnesses to prove the allegations of her bill."

The evidence so produced touching the allegation in question was not merely insufficient to prove it, but affirmatively and clearly disproved it; and it is unreasonable to believe an averment that is disproved, even though it be not denied by the party interested to deny it. The fact alleged being necessary to support the decree, we think it was erroneous to override or disregard the proof, and inequitable to give to complainant property of the defendant worth $600, for a debt of less than five hundred. Besides it is neither averred nor proved that there was no other creditor or purchaser having an interest subject to the mortgage.

We are also of opinion that the time limited for the payment was too short. The reason of the rule in case of sale without redemption applies with equal force to a case of strict foreclosure. Farrell v. Parlier, 50 Ill. 275.

For these errors the decree of the circuit court is reversed and the cause remanded for further proceedings in conformity herewith.

Reversed and remanded.