## LEVI MEIERS

### v.

### ALEXANDER PINOVER ET AL.

*Action on Third of Series of Notes—Former Adjudication—Record as Evidence—Estoppel by Verdict—Partnership of Makers — Evidence — Admissions—Instructions.*

1. A fact which has been directly tried and decided by a court of competent jurisdiction can not be contested again between the same parties in the same or any other court.

2. In an action upon the third of three promissory notes, given at the same time for the same consideration and as parts of the same transaction, it is *held:* That the record of a former suit on the other notes is admissible and conclusive of the question of the partnership of the makers, that question having been directly in issue in said suit; that the fact of the existence of the partnership being thus established, certain admissions by one of the partners that the transaction in question was a partnership matter, were properly admitted in evidence; and that there was no error in the instructions.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. ISAAC C. EDWARDS and I. M. HORNBACKER, for appellant.

The record of the former trial only settled the matters in

issue in that particular case. The findings in that case are immaterial so far as this case is concerned, and are not conclusive on either party in any subsequent suits embracing a different subject-matter as does this case. An estoppel must be conclusive as to both parties and not to one of the parties only. Clark v. Summons, 12 Iowa, 368; Towns v. Nims, 5 N. H. 259; Bernard v. City of Hoboken, 27 N. J. 412.

There is no rule of practice more firmly established than that to form a bar the former recovery must be for the identical same cause of action. Miller v. McMannis, 57 Ill. 127; Merrin v. Lewis, 90 Ill. 505; Crabtree v. Welles, 19 Ill. 55.

Messrs. McCulloch & McCulloch, for appellees.

It is a rule of universal application that where a controverted question of fact, material to the issue, has been settled by a verdict of a jury and followed by the judgment of the court, and the same question again comes in controversy between the same parties in another suit, the former verdict and judgment will operate as conclusive evidence upon the same question of fact when the second suit comes to be tried.

A very few out of the multitude of cases that might be cited will be referred to. Sheldon v. Patterson, 55 Ill. 507; Gardner v. Buckbee, 3 Cow. 120; Edgell v. Sigerson, 26 Mo. 583; Hopkins v. Lee, 6 Wheat. 109; Hauley v. Foley, 18 B. Mon. 519; Henderson v. Henderson, 3 Hare, 115; Beloit v. Morgan, 7 Wall. 619; French v. Howard, 14 Ind. 455; Greenleaf on Evidence, Sec. 528.

There is no escape from this rule in the present case. Before plaintiffs could recover in the former case they were bound to prove the partnership and the execution of the notes sued on as a firm note.

WELCH, J. This was an action of assumpsit brought by the appellees against the appellant, Levi Meiers, and Gabriel Meiers, on a promissory note September 17, 1882, for the sum of $269, payable five months after date to appel-

lees, and signed, Meiers & Co.   There was no service on
Gabriel Meiers.  The appellant, Levi Meiers, filed three pleas—
the general issue, a special plea under oath denying joint liabil-
ity and partnership with Gabriel Meiers, also a plea of *non est
factum*, verified by affidavit.   On the trial the appellee Alex-
ander Pinover, testified:

I am a manufacturer and jeweler and reside at 450 East
118th street, New York.  I have known the co-plaintiffs for
about fifteen years; have known the defendants since Septem-
ber, 1882.  I am one of the plaintiffs and a member of the
firm of A. Pinover & Co.  The firm of Meiers & Co. is com-
posed of Gabriel Meiers and Levi Meiers, his father.  My firm
had in September, 1882, dealings with Meiers & Co.   I
entered the place of business of defendants in Peoria, Illinois,
and found both Gabriel and Levi Meiers.  I stated that I
would like to show them some goods.  After some conversa-
tion that I do not recollect, Gabriel said he would look at them.
He and his father, Levi, examined and picked out a number of
articles of jewelry of the value of $807.

After selecting these articles Gabriel asked me what were
the terms upon which they could buy them.  I replied, on an
average of four months; and I would take notes for three,
four and five months.  He replied they would take the goods
and give the notes.  Before delivering the goods or making
out the bill, I asked who the firm was composed of.   Gabriel
replied that the firm of Meiers & Co. was composed of him-
self and Levi Meiers, his father.  This was said in the
presence and hearing of Levi Meiers, but he said nothing.   I
then delivered the merchandise and a bill for the same.   The
notes were not then delivered.   They were dated about a week
after the sale.

The sale was made in the store of Meiers & Co., in Peoria.
It was made to both of the defendants.   Both Gabriel and
Levi Meiers selected the goods, and both examined them
before the purchase.  A young man by the name of Eppen-
stein was in the store a portion of the time.  The part taken
by Levi Meiers was to examine the goods and to express his
opinion upon them.  The account was settled by taking their

notes, payable at three, four and five months, and dated about a week afterward.

The notes were sent to A. Pinover & Co., New York, through the mail. I have had no conversation with Levi Meiers in relation to the notes since they were given.

After the maturity of the first two notes and before the maturity of the one involved in this suit, appellees brought suit against appellant and Gabriel Meiers upon the two notes then matured. Gabriel suffered judgment to go against him by default, but appellant interposed the same pleas thereto that he does in this suit. Upon a trial by jury of the issues in that suit they were found for the appellees. The record in the former suit was offered in evidence in this suit and admitted in evidence over the objections of the appellant. The ground of the objection as stated is that the record of the former trial only settled the matters in issue in that particular case and that the findings in that case are immaterial so far as this case is concerned, and are not conclusive on either party in any subsequent suits embracing a different subject-matter as is claimed this suit does. We are referred to the cases of Crabtree v. Welles, 19 Ill. 55; Miller et al. v. McMannis, 57 Ill. 126, and Merrin v. Lewis, 90 Ill. 505. These cases announce the rule that to form a bar the former recovery must be for the identical same cause of action. This case is not one involving the question of estoppel by judgment upon the same cause of action. It is a suit upon a different cause of action wherein the issues are precisely the same as in a former suit. The authorities have no application to the question of estoppel as claimed in this case. The question of the partnership was directly put in issue in that case as it is in this. If the note in this suit was given at the same time for the same consideration and as a part of the same transaction with those sued on in the former case, the verdict and judgment in that case were conclusive evidence of the existence of the partnership between appellant and Gabriel Meiers. As said in the case of Hanly v. Foley, 18 B. Mon. 519, " It is a well established rule of law sanctioned as well by policy as precedent, that every material fact involved in an issue must be regarded as

determined by the final judgment in the action and can not be questioned in any subsequent proceeding between the same parties.    In Hopkins v. Lee, 6 Wheat. 109, Justice Livingston said : " It is not denied as a general rule that a fact which has been directly tried and decided by a court of competent juris-diction can not be contested again between the same parties in the same or any other court.    Hence a verdict or judgment of a court of record or a decree in chancery, although not binding on strangers, puts an end to all further controversy concerning the points thus decided between the parties to such suit.    In this there is and ought to be no difference between a verdict and judgment in a court of common law and a decree in a court of chancery.    The same rule is announced in Bigelow on Estop-pel, 30 *et seq.;* Sheldon et al. v. Patterson, 55 Ill. 507; Gardner v. Buckbin, 3 Cow. 120;  Edgell v. Sigerean, 26 Mo. 580; Edwards v. Stewart, 15 Barb. 67; Beloit v. Morgan, 7 Wall. 619; French v. Howard, 14 Ind. 455.    The distinction between the estoppel in this case and the estoppel in the cases referred to by the appellant *supra*, is well stated in the case of Hanna et al. v. Reed et al., 102 Ill. 597.  " When the former adju-dication is relied on as an answer and bar to the whole cause of action, or in other words when it is claimed to be an answer to all the questions involved in the subsequent action, then it must appear that the cause of action and thing sought to be recovered are the same in both suits.    The former adjudica-tion in such case is known as an estoppel by judgment and the judgment itself is a bar to the action.    But when some spe-cific fact or question has been adjudicated and determined in a former suit and the same fact or question is again put in issue in a subsequent suit between the same parties, its determina-tion in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit without regard to whether the cause of action is the same in both suits or not.    This is known as an estoppel by verdict and is equally available to a plaintiff in support of his action when the cir-cumstances warrant it, as it is by a defendant as a matter of de-fense."    The same rule is announced in Tilley v. Bridges, 105 Ill. 336.    It is, however, insisted by the counsel for the appel-

lant that as the record of the former adjudication was not specially replied to the plea denying the partnership, that the record in that case is not conclusive but only *prima facie* evidence. We think this point not well taken. The Supreme Court of this State, while not clearly deciding the question, seems strongly to incline against the position assumed by the counsel for the appellant on this point. Gray v. Gillilan, 15 Ill. 453; Sheldon v. Patterson, 55 Ill. 507; Greenleaf on Evidence, Sec. 528; Lawrence v. Hunt, 10 Wend. 81.

It is further insisted the court erred in admitting the evidence of Ulrich as to what Gabriel Meiers had told him as to who signed the note and what the consideration was for it. The notes in the former suit and the note in this suit all bear date on the same day. The evidence of Pinover was that there was only one sale of goods, and that the notes were received a few days thereafter corresponding in the aggregate to the exact amount of the sale. The judgment in the former suit established the fact of the existence of the partnership on the day of the date of the note in suit. Appellant admitted on the trial that the note sued on had been executed by Gabriel Meiers. Under this evidence we hold that the evidence was properly admitted. Greenleaf on Evidence, Vol. 1, Sec. 112; Hitt v. Allen, 13 Ill. 592; C. & R. I. R. R. Co. v. Collins, 56 Ill. 212. The cases of Smith v. Hulett, 65 Ill. 495, and Bishop v. Georgeson, 60 Ill. 485, are not in point. There the declaration of one partner had been admitted against the absent partner as to the existence of the partnership. Here this class of evidence was excluded. The evidence of the partnership was conclusively proven by the record in the former suit. And all the appellees had to do was to identify the cause of action sued on as one of the series of notes given for the diamonds sold by the appellees to the firm of Meiers & Co. Even if this evidence had been improperly admitted it worked no injury to the appellant for the reason above stated.

It is also insisted that the court erred in giving certain instructions for the appellees and in refusing to give certain instructions for the appellant and in modifying others of his.

The instructions given were in harmony with the view we have taken of the case and were properly given. The modifications made to the appellant's instructions were proper and necessary and the 5th instruction asked by appellant was properly refused. The question of the partnership had been fully presented in other instructions given. We are of the opinion that there was no error in admitting the evidence or in the instructions. The verdict of the jury is sustained by a preponderance of the evidence.

*Judgment affirmed.*